IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge R. Brooke Jackson

Civil Action No 18-cv-1603-RBJ

DANIEL F. WASSER, as a trustee of the CWA/ITU Negotiated Pension Plan,

    Plaintiff,

v.

ARTHUR DEIANNI, as trustee of the CWA/ITU Negotiated Pension Plan;
JAMES BRILL, as trustee of the CWA/ITU Negotiated Pension Plan;
DANIEL J. FARBERMAN, as trustee of the CWA/ITU Negotiated Pension Plan;
ROBERT C. MAIDA, as trustee of the CWA/ITU Negotiated Pension Plan;
THEODORE R. RILEA, as trustee of the CWA/ITU Negotiated Pension Plan; and
CWA/ITU NEGOTIATED PENSION PLAN,

    Defendants.

## ORDER ON MOTION TO DISMISS

This matter is before the Court on defendants Arthur DeIanni, James Brill, Daniel Farberman, Robert Maida, Theodore Rilea, and CWA/ITU Negotiated Pension Plan's motion to dismiss. ECF No. 10. For reasons stated below, the motion is DENIED.

### I. BACKGROUND

The International Typographical Union ("ITU") is an independent labor organization that represented union employees engaged in the printing, publishing, and advertising industry. Complaint, ECF No. 1 at ¶12. In 1966 the ITU entered into an "Agreement and Declaration of Trust" ("Trust Agreement") with certain employers and established the ITU pension plan. *Id.* at ¶13; *see also* Trust Agreement, ECF No. 1-1. The pension plan is now a multiemployer employee benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29

1

U.S.C. § 1001. ECF No. 1 at ¶4. In 1987 the ITU merged with the Communications Workers of America, AFL-CIO ("CWA"), and the ITU became known as the "ITU Sector." *Id.* at ¶15. Plaintiff Daniel Wasser is the current president of the ITU Sector.

The Trust Agreement provides that the pension plan shall be governed by a board of trustees comprising of one-half ITU trustees ("union trustees") and one-half employer trustees. *Id.* at ¶17. The board's current composition includes three union trustees and three employer trustees. *Id.* at ¶18. Defendants DeIanni, Maida, and Mr. Wasser are the union trustees, and defendants Rilea, Farberman, and Brill are the employer trustees. *Id.* at ¶¶5, 7–11. In this order, I refer to the five individual defendants as the "trustee defendants."

This dispute stems from an official action that the trustee defendants took at the biannual board of trustees meeting on March 12, 2018, a meeting that Mr. Wasser did not attend. *See generally id.* at ¶1. Plaintiff alleges that the trustee defendants, without informing Mr. Wasser, devised a plan to amend the Trust Agreement after learning that Mr. Wasser would be unable to attend the March meeting. *Id.* at ¶¶28–32.

At that meeting, the trustee defendants adopted an amendment to the pension plan's Trust Agreement. *See generally id.* at ¶1; Amendment to Trust Agreement, ECF No. 1-2. In pertinent part, the amendment changed the method for removing union trustees, stating, "Union Trustees may be removed and replaced by the unanimous consent of the ITU and the Largest Local."[1] *Id.* at ¶33. Prior to the amendment, the Trust Agreement declared that "Union Trustees may be removed and replaced at will by the ITU," but it did not give another union a vote. *Id.* at ¶21 (quoting Trust Agreement, ECF No. 1-1 at 3).

---

[1] The amendment defines "Largest Local" as "the local union affiliated with the CWA from which the greatest number of active participants, terminated vested participants and retirees are or were associated as of the end of the immediately preceding Plan year." Amendment to Trust Agreement, ECF No. 1-2 at 1. Defendant DeIanni is the president of the Largest Local. ECF No. 1 at ¶35.

2

Plaintiff alleges that the amendment wrongfully stripped the ITU Sector of its historic exclusive power to appoint, remove, and replace union trustees. *Id.* at ¶¶1, 21–23. Plaintiff directs my attention to the Trust Agreement itself. Although the Trust Agreement contains a provision that allows amendments "from time to time by a majority of the Employer Trustees and a majority of the ITU Trustees," *id.* at ¶37 (quoting Trust Agreement, ECF No. 1-1 at 11), it also contains a "Limitation on the Power of Amendment" provision, *id.* at ¶38. That provision states, "No amendment shall be adopted which will alter the basic purpose of this Agreement and Declaration of Trust to provide pension and related benefits, . . . or which shall be in conflict with civil laws or ITU Laws." *Id.* at ¶38 (quoting Trust Agreement, ECF No. 1-1 at 12).

Plaintiff next cites the 1987 "Merger Agreement" between the ITU and the CWA for support. *Id.* at ¶39. This agreement provides that "the ITU shall become an autonomous 'Sector' within the CWA; and that the Sector will preserve long-standing ITU traditions in the Printing, Publishing and Media Industry." *Id.* at ¶39. According to plaintiff, the Merger Agreement is one of the ITU Laws referenced in the Trust Agreement. *Id.* at ¶40. The complaint also states that the Merger Agreement is incorporated into the ITU Bylaws. *Id.* As such, plaintiff avers that the Merger Agreement's provision providing that "long-standing ITU traditions in the Printing, Publishing and Media Industry" will be preserved is yet another limitation on the trustees' authority to amend the Trust Agreement. *Id.* at ¶41.

Plaintiff opposes the amendment because it allegedly violates the historical structure of the Trust Agreement and the long-standing traditions of the ITU, namely that the ITU would have the exclusive authority to appoint, remove, and replace union trustees. *Id.* at ¶¶42–43. In adopting an amendment that purportedly conflicts with existing ITU Laws, plaintiff claims that

3

trustee defendants breached their fiduciary duties imposed by ERISA. To remedy the alleged wrongdoing, plaintiff seeks declaratory and injunctive relief to invalidate the amendment.

Defendants move to dismiss plaintiff's claims per Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 10. Plaintiff responded in opposition, ECF No. 20, and defendants replied. ECF No. 24. The motion is now ripe for review.

## II. STANDARD OF REVIEW

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true. *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

## III. ANALYSIS

Defendants' motion to dismiss rests on two primary arguments. *See* ECF No. 10 at 6–15. First, defendants argue that the amendment does not conflict with existing ITU Laws. *Id.* at 6. Second, defendants argue that they did not breach any fiduciary duties because they were not

4

acting as ERISA fiduciaries in adopting the amendment. *Id.* at 11. I address each argument in turn.

   A. <u>**The Amendment's Compatibility with ITU Laws.**</u>

To support their first argument, defendants argue that the phrase ITU Laws as used in the Trust Agreement unambiguously does not include the Merger Agreement, as plaintiff suggests. *Id.* at 2. Moreover, even if the Merger Agreement is considered an ITU Law, defendants argue that the amendment does not conflict with the "Purposes of Merger" provision in which the merger provides that the ITU Sector shall preserve long-standing ITU traditions. *Id.* at 3. In response, plaintiff argues that this Court cannot determine as a matter of law whether the amendment conflicts with ITU laws because ITU laws is an undefined, ambiguous term. ECF No. 20 at 9. Thus, the determination of this issue, according to plaintiff, requires additional testimony and extrinsic evidence to develop the factual record. *Id.* I agree with plaintiff.

To determine the meaning of ITU Laws, and to determine whether the amendment conflicts with existing ITU Laws, turns on the interpretation of phrases contained in three contracts specifically referred to or quoted in the complaint: the Trust Agreement, the Merger Agreement, and the ITU Bylaws. I note that a district court normally would not consider material outside of the pleadings without converting a motion to dismiss to a summary judgment motion. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, a "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). Because the documents are central to plaintiff's complaint and their authenticity has not been questioned, I will consider the language of the documents in this order.

When interpreting ERISA plan documents, the Court "examines the plan documents as a whole and, if unambiguous, construes them as a matter of law." *Admin. Comm. of Wal-Mart Assocs. Health and Welfare Plan v. Willard*, 393 F.3d 1119, 1123 (10th Cir. 2004). If the language is ambiguous, as is the case here, I will deny the motion on this argument for further development of the factual record. *See Thompson v. Washington Nat'l Ins.*, No. 2:14-CV-00660-DN, 2015 WL 8346166, at *4 (D. Utah Dec. 8, 2015) ("When a contract is ambiguous, a motion to dismiss is not proper." (citing *Wilshire Oil Co. of Tex. v. Riffe*, 409 F.2d 1277, 1284 (10th Cir. 1969)). "Ambiguity exists when a plan provision is 'reasonably susceptible to more than one meaning, or where there is uncertainty as to the meaning of the term.'" *Willard*, 393 F.3d at 1123 (quoting *Stewart v. Adolph Coors Co.*, 217 F.3d 1285, 1290 (10th Cir. 2000)).

Because of the importance of the three documents, I will briefly provide a history of each document and summarize the key provisions central to plaintiff's complaint and defendants' defense, even at the risk of redundancy.

1. Trust Agreement.

The Trust Agreement is the agreement governing the ERISA pension plan. ECF No. 1 at ¶13. One of the articles of the agreement at issue is Article X titled "Amendments to Trust Agreement." Trust Agreement, ECF No. 1-1 at 11. Section 1 of this article allows for amendment by a majority of employer trustees and a majority of the ITU trustees, but that authority is limited by Section 2 which provides that no amendment may conflict with civil law or ITU Laws. *Id.* at 12. However, this limitation is itself ambiguous because the parties agree that the Trust Agreement does not define "ITU Laws" in any of the documents before the Court.

Plaintiff relies on two other articles in the Trust Agreement. Article I, the definitions article, defines union trustees as the trustees "appointed by the ITU Executive Council." *Id.* at 2.

The Trust Agreement does not define "ITU Executive Council" or refer to that council in any place other than Article I. Next, Article III provides—or, more accurately, provided—that "Union Trustees may be removed and replaced at will by the ITU." *Id.* at 3.

   2. Merger Agreement.

The Merger Agreement is an agreement between the ITU and CWA signed in 1987. ECF No. 1 at ¶39; *see* Merger Agreement, ECF No. 10-1 at 27–32. Plaintiff asserts that the Merger Agreement is one of the ITU Laws referenced in Article X, Section 2 of the Trust Agreement, and further assert that the Merger Agreement is incorporated into the ITU Bylaws. ECF No. 1 at ¶40. The complaint avers that the board of trustees' amendment authority is limited not only by the express limitation in the Trust Agreement but also by the Merger Agreement's "Purposes of Merger" declaration. *Id.* at ¶41. The Purposes of Merger provision states that the ITU will be an autonomous "Sector" within the CWA, and that "the [ITU] Sector will preserve long-standing ITU traditions in the Printing, Publishing and Media Industry." ECF No. 1 at ¶41 (citing Merger Agreement, ECF No. 10-1 at 27).

   3. ITU Bylaws.

As president of the ITU, in June 2015 Mr. Wasser published a set of bylaws titled "Printing, Publishing and Media Workers Sector of the Communications Workers of America: Bylaws (Including General Laws and Conference Laws)." ITU Bylaws, ECF No. 10-1 at 3. The complaint alleges that the Merger Agreement is incorporated into the ITU Bylaws. ECF No. 1 at ¶40. Article II of the bylaws is titled "Laws." ITU Bylaws, ECF No. 10-1 at 3. Section 2 of that article provides that the "laws of the Sector shall be comprised in" the (1) CWA constitution, (2) the Sector Bylaws, and (3) the general laws. *Id.* The Merger Agreement isn't mentioned Section

7

2 of Article II but is in Section 3, where the bylaws states that "[a]ny modifications, additions or deletion in the Agreement for Merger . . . must be approved at the Sector Conference." *Id.*

    4. <u>The Terms in Dispute Are Ambiguous and Cannot Be Construed as a Matter of Law</u>.

At this early stage of the ligation process, I cannot determine as a matter of law whether the amendment "unambiguously does not conflict with ITU Laws," as defendants suggest. To start, ITU Laws is not defined in any document before the Court, and the documents referenced in the complaint do not affirmatively settle the uncertainty as to the meaning of ITU Laws. Defendants argue the complaint implies that the meaning of ITU Laws in the Trust Agreement means the ITU Bylaws, which incorporated the Merger Agreement's provision that the ITU Sector "will preserve long-standing ITU traditions in the Printing, Publishing and Media Industry." ECF No. 10 at 6. Thus, defendants argue, because the ITU Bylaws definition of the "laws of the Sector" does not list the Merger Agreement as one of the laws, it should not be considered. *Id.*

Again, at this stage, I am unpersuaded. I agree with defendants' summation of plaintiff's argument above. The complaint alleges (1) that the Merger Agreement is incorporated into the ITU Bylaws, ECF No. 1 at ¶40; (2) that the ITU Bylaws is one of the ITU Laws referenced in the Trust Agreement, *id.*; (3) that the trustees' authority to amend the Trust Agreement is limited by the terms of the Merger Agreement, *id.* at ¶41; and (4) that the amendment violated long-standing ITU traditions as stated in the Merger Agreement, *id.* at ¶43. But without additional evidence, I cannot definitively rule that the "laws of the Sector" encompasses all "ITU Laws," or whether the laws of the Sector are synonymous with ITU Laws. The meaning of phrases laws of the Sector and ITU Laws is ambiguous, and I find that the issue requires further factual development.

Moreover, while I agreed with defendants' summation of plaintiff's argument, it only covers part of plaintiff's argument. The complaint also alleges that the amendment violated the "basic purpose and historical structure of the Trust Agreement, as established by the settlors of the ITU Pension Plan in 1966, that the ITU would have the exclusive power to appoint, remove, and replace Union Trustees." ECF No. 1 at ¶42. In this instance, even if I determined that the laws of the Sector did not include the Merger Agreement, plaintiff has still stated a viable claim that the amendment potentially conflicts with the Trust Agreement. That leads to my next point.

The parties don't even agree on the definition of union trustee. In Article I of the Trust Agreement, a union trustee is defined as a trustee appointed by the ITU Executive Council. Trust Agreement, ECF No. 1-1 at 2. The amendment does not alter or even address this definition. Thus, the amendment seemingly contradicts the well-established definition of union trustees by providing that "Union Trustees may be removed and replaced by the unanimous consent of the ITU and the Largest Local." Amendment to Trust Agreement, ECF No. 1-2 at 1. Defendants suggest the amendment still conforms to the definition of union trustee because all future appointees will be appointed by the ITU, the ITU now simply needs to obtain the consent of the Largest Local. ECF No. 24 at 2–3. Unsurprisingly, plaintiff argues that the addition of another union to the appointment and removal process is in direct conflict with the Trust Agreement. The Court finds that this inconsistency alone presents an ambiguity that makes the motion to dismiss improper.

For the reasons above, because of the ambiguity in the language of the contracts, it is not clear whether the amendment is compatible with ITU Laws. Accordingly, the motion to dismiss for failure to state a claim is denied.

## B. The Nature of Defendants' Actions When Adopting the Amendment.

Defendants' motion argues that this Court should dismiss plaintiff's breach of fiduciary duty claim because defendants were not acting as fiduciaries when they adopted the amendment. In response, plaintiff argues that defendants violated ERISA's command that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--(D) in accordance with the documents and instruments governing the plan . . ." 29 U.S.C. § 1104(a)(1)(D), when they adopted an amendment that conflicted with the Trust Agreement and the Merger Agreement.

Both sides agree that a plan sponsor does not act as a fiduciary when it amends the terms of a single-employer ERISA benefit plan. The Court agrees.

> Plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries. As we said with respect to the amendment of welfare benefit plans, employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans. When employers undertake those actions, they do not act as fiduciaries, but are analogous to the settlors of a trust.

*Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443 (1999) (internal quotations, citations, and alterations omitted). And, at least four federal appellate courts have extended this ruling to multi-employer ERISA plans. *See Janese v. Fay*, 692 F.3d 221, 227 (2d Cir. 2012) (collecting case law from the Third, Sixth, and D.C. Circuits, and holding that the Supreme Court's language from *Hughes* is "equally applicable to multi-employer plans").

For support, plaintiff cites *United Healthcare Workers-W. v. Borsos*, No. C 09-00404 WHA, 2010 WL 1881469 (N.D. Cal. May 10, 2010). In *Borsos*, the board of trustees adopted an amendment that changed the appointment procedures for union trustees by allowing those trustees to be appointed by a majority of incumbent union trustees rather than by the United Healthcare Workers (the "union"). Prior to the amendment, the union had the right to appoint

and remove the union trustees, and the employer appointed and removed the employer trustees. *Id.* at *8. The trust agreement contained a limitation on the trustees' authority to amend the trust agreement. *Id.* at *3. It provided that "no amendment shall be adopted which: (a) [a]lters the basic principles of this Trust or the Plan . . . ." *Id.* (italics omitted).

Following a bench trial on the issue, the district judge invalidated the amendment because he found that it violated the basic principles of the trust. *Id.* The court noted that the union had negotiated the establishment of the pension fund for the benefit of its members, and to protect its interests and its members' interests, the union was to appoint half of the fund trustees with the power at will remove its trustees and appoint new ones. *Id.* "That was the clear-cut structure of the trust and the entire arrangement." *Id.* The court found that the intent and the effect of the amendment was "to rob the [union] of this prerogative and to misappropriate it to a self-perpetuating body of dissidents." *Id.* Coming full circle, the court ruled that the trustees did not administer the plan "in accordance with the documents and instruments governing the plan" because the amendment violated the limitations provision in the trust agreement. *Id.* at *9 (quoting 29 U.S.C. § 1104(a)(1)(D)).

The same could be said about the amendment here. Although the amendment limitations provision in this case varies slightly from the provision in *Borsos*, the overall structure and appointment procedures for the board of trustees is similar. For 52 years, the ITU had the exclusive right to remove and replace union trustees. Presumably, like United Healthcare Workers in *Borsos*, the ITU negotiated for this exclusive right to protect its interests and the interests of its members. The amendment stripped the ITU of its exclusive right to do so. If the amendment stands, the ITU may not remove or replace union trustees unless it has the consent of the Largest Local, robing the ITU of its prerogative.

11

As I ruled above, further factual development is necessary to determine if the adoption of the amendment violated existing ITU Laws and the command in § 1104(a)(1)(D). Until these issues are further developed, I cannot determine whether defendants breached their fiduciary duties. Defendants' motion to dismiss is denied.

**ORDER**

For the reasons above, defendants' motion to dismiss, ECF No. 10, is DENIED.

DATED this 13th day of June, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge